**E-FILED**
Friday, 20 August, 2004  04:28:58 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT, STATE OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| CASSIETTE WEST-WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04- *21 6 5* |
| | ) | |
| CAROL STACK; BETH SHEPPERD; | ) | JURY DEMAND |
| MEL CRAFTER; ARTHUR CULVER; | ) | |
| and DAVID SHOLEM, | ) | **FILED** |
| | ) | |
| Defendants. | ) | AUG 2 0 2004 |

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## COMPLAINT

NOW COMES the Plaintiff, CASSIETTE WEST-WILLIAMS, by and through her attorneys, LERNER & KIRCHNER, and hereby files her *Complaint* against the Defendants herein, and in support thereof states and alleges as follows:

### Jurisdiction, Venue, and the Parties

1.  That this Court has jurisdiction pursuant to the provisions of Title 28 USC §§ 1331 and 1343 and supplemental jurisdiction under Title 28 USC § 1367.

2.  That the venue is proper under the provisions of Title 28 USC § 1391(b).

3.  That the Plaintiff, CASSIETTE WEST-WILLIAMS, was at all times relevant hereto a resident of Champaign County, Illinois.

4.  That each of the individually named Defendants, CAROL STACK; BETH SHEPPERD; MEL CRAFTER; ARTHUR CULVER; and DAVID SHOLEM, were

1

at all times relevant hereto employed by the Community Unit School District No. 4, Champaign County, Illinois or on its Board.

5.     That the Plaintiff brings her claims pursuant to the provisions of Title 42 USC §§ 1981 and 1983 as a result of the Defendants' violation of the Plaintiff's rights as guaranteed under the Fourteenth Amendment, incorporating the First Amendment to the Constitution of the United States, and which guarantees the Plaintiff freedom of speech and protection from retaliation for opposing racial discrimination. Plaintiff's supplemental jurisdiction arises as a result of the Plaintiff's claims brought under the corollary provisions of the Illinois Constitution of 1970; and violations of the Illinois Civil Rights Act of 2003 (740 ILCS 23/1 et.seq.).

## Claims

6.     That at all times relevant hereto the Plaintiff was employed by the Community Unit School District No. 4, Champaign County, Illinois as a teacher and a Literacy Specialist.

7.     That during the course of her said employment, the Plaintiff spoke out on issues of public interest and concern in and outside of the "classroom" environment including but not limited to speech as follows:

   A.     Engaged her class - the Kids For College Program-Journalism, in writing an editorial regarding Chief Illiniwek which resulted in Carolyn Sholem, the daughter of David Sholem (a member of the Defendant's Board and a Defendant herein), being pulled from her class after only two days of

2

instruction and Plaintiff being advised that her hiring had been in error and her employment with the District would be severed.

B.  Refused to make exceptions to permit students to play basketball even though the students were failing scholastically in remedial reading in violation of applicable school rules and policies, resulting in the said students being removed from Plaintiff's class and placed where scholastic failure was overlooked so basketball participation could continue, and promotion to the next grade level could be had.

C.  Criticized the hiring of Mel Crafter, a Texas colleague of Arthur Culver, after interviews had already been concluded for the Principal's position at Franklin Magnet Middle School and thirty plus candidates had been screened, and as a result Mr. Crafter having not gone through the interview process as required by District policies, rules and procedures, ultimately resulting in the hiring of Mr. Crafter as the Franklin Magnet Middle School Principal.

D.  Criticized, at the Sixth Grade orientation, the low reading scores of incoming students which showed that of the 225 folders examined only 125 of the students were ready for the Sixth Grade program. The remaining number were reading at the Second to Fourth Grade level. Plaintiff was told by District administration that the image that she was portraying of the District was inappropriate and that she should never again repeat these statistics in public.

E.  Complained of the District's administrative staffs' opposition to the filing of

3

police reports regarding criminal misconduct even when students have attacked teachers and District staff, and of the intimidation tactics used by the District's Administrative staff to ensure no such report would be filed, in furtherance of the District's image-building policies.

F. Objected to a student with a long line of discipline problems, who after having had brought a knife to school and despite being suspended, was being permitted to continue playing basketball without interruption. Said student had been promoted to Seventh Grade but only had a Fourth Grade reading ability.

G. Objected to Mr. Crafter's refusal to call a "code red" after three boys were found with BB guns in the building and his refusal to file police reports until months later, in an effort to enhance the District's image at the expense of school safety.

H. Insisted upon filing a police report after she personally was attacked by a student, and notwithstanding Mr. Crafter's threat that if she filed a report she would be cited for unprofessional behavior. Plaintiff caused said report to be filed and was thereafter placed on administrative leave and told that her Contract would not be renewed.

I. Objected to the District informing parents and others that she had been "fired" or "no longer employed" in March of 2003.

J. Objected to the failure of the District to take appropriate action against a student related to a high level District administrator who made a death threat

4

against another student and the District's failure to report it properly, including to the threatened student's parents.

K.   Objected to the District's refusal to properly report vandalism to the vehicles of teachers and the attempted rape of a student and the District's pattern of refusals to report criminal misconduct in an effort to artificially enhance it's image.

13.  That as a direct and proximate result of the Plaintiff's speech on one or more of the foregoing issues of public concern, the Plaintiff's employment was terminated and Plaintiff was constructively discharged by the joint, several, and concerted actions of Defendants and that said retaliation violates the Plaintiff's rights which are sought to be redressed herein.

14.  That 42 USC § 1988 provides for the awarding of attorney's fees.

15.  That as a result of the termination of the Plaintiff's employment, the Plaintiff has suffered a loss of income, embarrassment and humiliation, emotional distress, and other damages now and into the future.

16.  That Plaintiff is entitled to an award of attorney's fees, and punitive and exemplary damages.

WHEREFORE, the Plaintiff prays for damages in an amount to be fixed by the trier of fact as and for compensator damages against the Defendants jointly and individually, in an amount not less than \$250,000, together with an award of punitive damages, her costs and attorney's fees pursuant to the Illinois Civil Rights Act of 2003 (740 ILCS 23/1 et.seq.) And 42 USC § 1988, and such

5

injunctive relief as the Court deems necessary and proper following a hearing in this cause. Plaintiff

demands Trial by a Jury.

CASSIETTE WEST-WILLIAMS, Plaintiff

By: _____
Robert G. Kirchner, one of her attorneys

Prepared By:
ROBERT G. KIRCHNER
LERNER & KIRCHNER
Attorneys at Law
Huntington Towers, Ste., 608
201 W. Springfield Ave.
P.O. Box 1340
Champaign, IL 61824-1340
Telephone: 217.356.8381
Facsimile: 217.356.7739
F:\WPDOCS\bob\West-Williams, Cassiette\Federal Case; 04-\Complaint.wpd

6

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CASSIETTE WEST-WILLIAMS

**DEFENDANTS**
CAROL STACK; BETH SHEPPERD; MEL CRAFTER; ARTHUR CULVER; and DAVID SHOLEM

**(b)** County of Residence of First    Champaign
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   Champaign
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert G. Kirchner
LERNER & KIRCHNER
201 West Springfield Avenue; Suite 608
Champaign, IL 61820
(217)356-8381

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

X 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | X 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 820 Copyrights | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | Injury | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | X 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | ☐ 871 IRS—Third Party | State Statutes |
| | | ☐ 550 Civil Rights | | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC §§ 1981, 1983 and corollary provisions of the Illinois Constitution

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** \$250,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   X Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE   Aug 19 2004    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____