E-FILED
Monday, 15 November, 2004  04:48:31 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CASSIETTE WEST-WILLIAMS,       )  | |
|     Plaintiff,                                   ) | |
|                                                         ) | |
| vs.                                                     )  | Case No. 04-2165 |
|                                                         ) | |
| CAROL STACK; BETH SHEPPERD;     ) | |
| MEL CRAFTER; ARTHUR CULVER;    ) | |
| and DAVID SHOLEM,                        )  | |
|     Defendants.                              ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STAY OR IN THE ALTERNATIVE DISMISS PLAINTIFF'S COMPLAINT**

NOW COMES the Plaintiff, CASSIETTE WEST-WILLIAMS, by and through her attorney, Robert G. Kirchner, and hereby files her Memorandum of Law in opposition to *Defendants' Motion to Stay or in the Alternative Dismiss Plaintiff's Complaint* and in support thereof states and shows onto the Court as follows:

**I. Plaintiff's Complaint and Defendants' Response**

Plaintiff's Complaint arises out of the termination of Plaintiff's employment at "Unit 4" (Community Until School District #4 - Champaign, Illinois), in retaliation for the Plaintiff having spoken out on matters of public concern regarding the operation of the school district.

Defendants claim that Plaintiff's Complaint is subject to dismissal on the pleadings for the following reasons: (a) Plaintiff cannot maintain claims for violations of her constitutionally protected right of free speech under the Illinois Constitution because the Illinois Constitution affords no remedies for its violation, and because such rights are preempted by the availability of relief under §1983 (Defendants' Memorandum of Law at pgs 6-7); and (b) Plaintiff's complaint fails to

adequately allege the Defendants' involvement in her termination, and that her speech involved issues of public concern.

Alternatively, Defendants request that Plaintiff's federal claims be stayed pending resolution of a State claim pending in Champaign County, against Unit 4, even though the Defendants herein are not named as parties in the State Court proceeding.

## II. Standard of Review

The Federal Rules of Civil Procedure, §8(a), requires that a Pleading contain "a short and plain statement of the claim" sufficient to show that the pleader is entitled to relief. "The Plaintiff need not set out in detail the facts upon which the claim is based, but must allege sufficient facts to outline the cause of action." (*Columbus, Cuneo, Cabrini Medical Center Travelers Insurance Co.*, 725 F. Supp. 396 (N.D. Ill. E.D. 1989)) When a Court evaluates a Rule 12(b)(6) Motion to Dismiss, the Court should not dismiss the Complaint unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of their claim which would entitle them to relief. (*Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957); *Prince v. Rescorp Realty*, 940 F.2d 1104, 1106 (7th Cir. 1991)) Vagueness or lack of details alone is not sufficient to support dismissal under Rule 12(b)(6). (*Moore v. Fidelity Financial Services, Inc.* 869 F. Supp. 557, 563 (N.D. Ill. 1994))

Motions to Dismiss are not favored. (*Indeck Power Equipment Co. V. Jefferson Smurfit Corp.*, (881 F. Supp. 338, 342 (N.D. Ill 1995)) While a Complaint must state all of the material elements necessary for recovery under the applicable legal theory, it may do so directly or by inference. (*Columbus, Cuneo, Cabrini Medical Center v. Travelers Insurance Co.*, 725 F. Supp. 396 (N.D. Ill. E.D. 1989)) The factual allegations of the Complaint are to be construed in the light most favorable to the Plaintiff. (*Scheuer v. Rhodes*, overruled on other grounds by *Davis v. Scheuer,* 468

U.S. 183, 104 S. Ct. 3012, 82 L. Ed. 2d 139 (1984), 416 U.S. 232, 94 S.Ct. 1683, 1686 (1974); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991))  Plaintiffs may freely allege, without evidentiary support, any facts consistent with the Pleadings in defending against a Motion to Dismiss.  (*Horton v. Marovich,* 925 F. Supp. 532, 536 (N.D. Ill. 1996))

Additionally, because a Plaintiff need not plead all of the essential facts in their Complaint, the Court must also consider factual allegations which are consistent with the Complaint that are provided by Affidavit, attached Exhibits, or subsequent Briefs.  (*Hrubec v. National Ry. Passenger Corp.*, 981 F. 2d 962, 963 (7th Cir. 1992); *Doe v. First National Bank of Chicago,* 865 F. 2d 864, 873 (7th Cir. 1989))

Furthermore, a Plaintiff is not required to plead legal theories or plead facts supporting every element of a legal theory since the Complaint should not be dismissed unless no relief could be granted under any set of facts that could be proved consistent with the allegations of the Complaint.  (*DeWalt v. Carter*, 224 F. 3d 607 (7th Cir. 1999); *Navarro v. Federal Deposit Insurance Corporation*, revised and remanded on other grounds, 254 F. Supp. 2d 1013 (N.D. Ill. 2003); *Feigl v. Ecolab, Inc.,* 2003WL22096506 (N.D. IL 2003))    In fact, it is irrelevant whether Plaintiff's Complaint alleges the correct legal theory, an incorrect legal theory, or none at all.  (*Haas Automobile Imports, Inc. v. Lola Cars Ltd.*, 933 F. Supp. 1381 (N.D. IL 1996); *First National Bank of Chicago v. Acco USA*, 842 F. Supp. 311 (N.D. IL 1994))  Thus, if it does not appear beyond doubt that the Plaintiff cannot establish any set of facts which would entitle them to relief the Court must deny Defendant's Motion to Dismiss.  (*Hishon v. King & Spaulding,* 467 U.S. 69 (1984); *Conley v. Gibson*, 355 U.S. 41 (1957))  Under this standard, Defendants' *Motion* should be denied.

### III. Argument

A. Plaintiff's Federal Claims Should Not Be Stayed Under the *Colorado River* Abstention Doctrine

On June 16th, 2003, Plaintiff filed suit in the State Court against Unit 4. Carol Stack, Beth Shepperd, Mel Crafter; Arthur Culver; and David Sholem were named as Respondents in Discovery under §2-402 of the Code of Civil Procedure of the State of Illinois. Unit 4's Motion to Dismiss has been briefed and has been under advisement since August 18th, 2004. Plaintiff's Complaint herein was filed August 20th, 2004, naming as Defendants only the individual administrators responsible for terminating her employment. The Respondents in Discovery - originally named in the State Court proceedings - were never <u>parties</u> to that action, and the Court lost jurisdiction to convert them to parties therein long before the filing of this action. (*Engel v. St. Mary's Hospital of Decatur*, 198 Ill. App. 3d 174, 555 N.E. 2d 810 (4th Dist. 1990); *Arndt v. Resurrection Hospital*, 163 Ill. App. 3d 209, 517 N.E. 2d 1 (1st Dist. 1987)).

Defendants argue that this Court should stay adjudication of Defendants' claims herein under the *Colorado River* Doctrine of Abstention (Defendants' Memorandum of Law at pgs 2-6). Defendants assert that a stay of this action would avoid duplicate, piecemeal litigation, and perhaps inconsistent results, and note that the State Court action was filed first in time. By Defendants' assessment, 5 of 9 *Colorado River* factors weigh in favor of abstention (Defendants' Memorandum of Law at pg 3), although it is difficult to understand Defendants' representation that "more progress has been made in the State case than in the federal proceeding" (Defendants' Memorandum of Law at pg 3), when a similar motion to dismiss remains pending in State Court and nothing further has transpired - not even discovery. Similarly, and also noticeably absent from Defendants' argument,

is the admonition that abstention is not to be granted as a matter of convenience, or simply at the Defendants' request - it is an "exceptional" remedy (*Colorado River Water Conservation District v. U.S.,* 424 U.S. 800, 813 (1976)). Abstention from the exercise of federal jurisdiction is the exception, not the rule:

> "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the Order to the parties to repair to the State Court would clearly serve an important countervailing interest." (*Colorado River* at 815, citing *County of Allegheny v. Frank Mastivda Co.*, 360 U.S. 185)

More recently, the 7th Circuit acknowledged these same principles in *AXA Corporate Solutions v. Underwriters Insurance Corporation*, 347 F. 3d 272 (7th Cir. 2003) and reaffirmed that there is a general presumption <u>against</u> abstention (*AXA,* at 278), while recognizing that a stay or dismissal results in the Plaintiff losing the opportunity to litigate in a federal forum - an opportunity to which he or she is entitled:

> "In the end, this case turns on how seriously we take the admonition from the Supreme Court not to stay or dismiss actions without strong justification to do so. In that spirit, we can see no reason to disagree with the District Court's ultimate conclusion rejecting *Colorado River* abstention" (*AXA Corporate Solutions v. Underwriters Insurance Corporation*, 347 F. 3d 272 at 279 (7th Cir. 2003).

In *Administrative Committee v. Gauf*, 188 F. 3d 767 (7th Cir. 1999), the District Court's abstention was reversed. The Court of Appeals held that abstention was inappropriate. It noted that the parties in the two proceedings were not the same and their respective interests differed. In this proceeding, the individual Defendants may assert immunities unavailable to Unit 4 in the State Court

proceeding, and in the State Court proceeding, punitive damages are not recoverable against Unit 4. The scope of discovery will differ in these two distinct, but related, proceedings. The "exceptional circumstances" required for abstention have not been advanced by the Defendants. Their case has simply not been adequately advanced and abstention should be denied. There is no property at issue; the Federal forum is not inconvenient; the State proceedings have not advanced; Federal law is primarily at issue, and thus the only factor favoring abstention is to avoid multiple actions.

The presence of judicial diseconomy is simply inadequate to justify abstention. (*Sverdrup Corporation v. Edwardsville Community Unit School District No. 7*, 125 F. 3d 546 (7th Ci. 1997). Defendants' Motion should be denied.

B. Plaintiff's Claims Under The Illinois Constitution Are Actionable And Not Subject To Dismissal By Virtue Of A Parallel Remedy Under §1983

Defendant's attack on Plaintiff's speech claims brought under the Constitution of the State of Illinois are premised upon the assertion that the existence of a cause of action under Federal law precludes a concomitant cause of action under the Illinois Constitution for a violation of Plaintiff's rights as guaranteed under Illinois law. Defendant cites *Tidwell v. Chicago Police Officers*, (U.S. Dist. Lexis 11095 (N.D. Ill. 2001)), in support of this assertion (Defendants' Memorandum of Law at pg. 7).

The Constitution of the State of Illinois has been recognized as an independent basis for relief, subject only to judicial recognition of the authority granted to the legislature to preempt direct causes of action by the enactment of a statutory remedy. (see *Bismark Hotel Company v. Sutherland*, (175 Ill. App. 3d 739, 529 N.E. 2d 1091 (1st Dist. 1988)) recognizing a direct action under Art I. § 17 for discrimination but holding that such claims are preempted by enactment of the

Illinois Human Rights Act; *Yount v. Hesston Corporation*, (124 Ill. App. 3d 943, 464 N.E. 2d 1214 (2nd Dist. 1984)) addressing claims under Art I. § 19 of the Illinois Constitution; *Jenkins II v. Leininger*, (277 Ill. App. 3d 313, 659 N.E. 2d 1366 (1st Dist. 1995)) addressing an equal protection challenge to the public school system; *Lewis v. Spagnolo*, (186 Ill. 2d 198, 710 N.E. 2d 798 (1999)) discussing a direct action under the due process clause of the Illinois Constitution and determining that, that clause would be interpreted coextensive with Federal protections; *Equity Associates, Inc. v. Village of Northbrook*, (17 Ill. App. 3d 115, 524 N.E. 2d 1119 (1st Dist. 1988)) addressing damage to property claims under Art I. § 15; *Paschen v. Village of Winnetka*, (73 Ill. App. 3d 1023, 392 N.E. 2d 306 (1st Dist. 1979)) addressing an action for violation of the prohibition against the use of public funds for anything but public purposes under Art VIII. § 1(a), see also *Horn v. City of Chicago*, (403 Ill. 549, 87 N.E. 2d 642 (1949); *Amati v. City of Woodstock, Illinois*, (829 F. Supp. 998 (N.D. Ill. 1993)) addressing a direct action for violation of Art I. § 6 relating to eavesdropping but determining that such a claim was preempted by a legislatively enacted remedy.)

Thus, the assertion that direct actions under the Illinois Constitution are prohibited by virtue of other available remedies in this case is unsupported. No legislatively enacted remedy exists, and Plaintiff's direct action for a violation of the Constitutional guarantees afforded under the Illinois Constitution remains viable.

Plaintiff's interpretation is further supported by the definitional section of the Local Governmental and Governmental Employees Toward Immunity Act. 745 ILCS 10/1-204, which defines "injury" as a "civil action, whether based upon the Constitution of the United States or the **Constitution of the State of Illinois**.

Moreover, it should be noted that the Illinois Supreme Court has consistently interpreted the

speech protections afforded under the State Constitution as broader than those afforded under Federal law.  (see *Village of South Holland v. Stein*, 373 Ill. 472, 26 N.E. 2d 868 (1940); *People v. Diguida*, 152 Ill. 2d 104 (1992); *Barr v. Kelso-Burnett Co.*, 106 Ill. 2d 520 (1985), where the Court impliedly recognized a retaliatory discharge claim if such claim was brought as a result of retaliatory action by the State)) Also of note with respect of the scope of the constitutional protections afforded under the Illinois Constitution is the Appellate decision in *Rogenski v. Board of Fire and Police Commissioners of the City of Moline*, (6 Ill. App. 3d 604, 285 N.E. 2d 230 (3rd Dist. 1972)).  In *Rogenski* the Appellate Court reversed the decision discharging a police officer for speech which included politics and profanity.

No cases cited, or relied upon, by Defendants involve claims brought under Article I § IV of the Illinois Constitution. Plaintiff's constitutionally based speech claims under Illinois law are not subject to dismissal.

C. Plaintiff's Speech Claims Are Adequately Plead

Defendants also assert that Plaintiff's claims are inadequately pled as to each Defendant and are subject to dismissal because Plaintiff's speech: (a) did not involve matters of public concern; and (b) justified her retaliatory termination for "disloyalty".

In *Spiegla v. Hull*, (371 F. 3d 928 (7th Cir. 2004)), a grant of Summary Judgment was reversed by the Seventh Circuit.  Nancy Spiegla was a correctional officer who was subjected to retaliatory action by the shifting of her schedule and post assignment four days after she had, had a communication with the Assistant Superintendent of the Westville Correctional facility in which she questioned a new vehicle search policy that was being implemented and reported suspicious behavior to Westville employees.  The Court, in reversing Summary Judgment, held that issues of

prison security, public safety and official corruption are matters of public concern to the community generally.

> Our cases have consistently held that speech alleging government corruption and malfeasance is of public concern (citation omitted, at 937).

Additionally, the Court in *Spiegla* noted that a communication of concerns in private to a supervisor does not render Plaintiff's speech any less protected or any less of a matter of public concern than if the speech was in a public forum. Private expressions are just as protected as public expressions. Finally, the Court held that the protected activity need simply be a motivating factor in the Defendant's retaliation and "but for" causation is not required to be proven.

In *Gazarkiewicz v. Town of Kingsford Heights, Indiana*, (359 F. 3d 933 (7th Cir. 2004)), the Court held that speech is a matter of public concern if it relates to any matter of "political, social or other concerns of the community". Thus, a town employee who distributed a flyer questioning the Council's decision to hire an official with inadequate experience, and questioning whether his salary was justifiable, was engaged in protected speech. Moreover, the Court noted that even if the information is otherwise publically known the speech remains protected.

In *Sullivan v. Ramirez*, (360 F. 3d 692 (7th Cir. 2004)), the Court upheld the protection of speech which involved privately maintained notes of co-workers' comings and goings noting that an abuse of time by publicly employed co-workers would be a matter of public concern.

In *Eberhardt v. O'Malley*, (17 F. 3d 1023 (7th Cir. 1994)), the Court held that when a Motion to Dismiss attacks the "public concern element" of protected speech the speech is **presumed** to involve a matter of public concern if it touches upon any matter for which there is potentially a public interest.

In *Wainscott v. Henry*, (315 F. 3d 844 (7th Cir. 2003)), a city street department employee's statement that city administration did not know what it was doing from one day to the next was held to be speech on a matter of public concern rather than a personal grievance. In so holding, the Court noted that speech involves a matter of public concern if it relates to any matter of political, social or other concerns to the community and that the issue of whether the city is being run efficiently is clearly a matter of public concern.

Finally, in *Myers v. Hasara*, (226 F. 3d 821 (7th Cir. 2000)), the Seventh Circuit also reversed a grant of Summary Judgment, and held that a city health inspector's criticism of the city for having turned a blind eye to permit violations by an open air produce market to a mall manager was speech involving a matter of public concern.

The speech at issue in this *Complaint* involves the expression of concerns and criticisms which clearly reflect upon the operation of the School District. The operation of Champaign Unit 4 School District, and the amount of media attention devoted to these issues clearly reflects upon the question of whether the Plaintiff's speech involved a matter of public interest and concern (see *Zorzi v. County of Putnam*, 30 F. 3d 885 (7th Cir. 1994); *Auriemma v. Rice*, 910 F. 2d 1449, 1460 (7th Cir. 1990)).

Thus, Defendants' assertion that Plaintiff's speech does not involve a matter of public concern is without merit. Even the cases cited, and relied upon by Defendants demonstrate this. (*Gustafson v. Jones,* 290 F. 3d 895 (7th Cir. 2002); *Marshall v. Porter County Plan Commission,* 32 F. 3d 1215 (7th Cir. 1994)). Defendants' reliance on *Gonzalez v. City of Chicago,* 239 F. 3d 939 (7th Cir. 2001) is misplaced. Defendants assert that Plaintiff's speech - for which she was terminated - was purely for private interests(Defendants' Memorandum of Law at pg 9-11). This assertion is

without support in the record.         Defendants also assert that there are insufficient allegations of the Defendants knowledge of or participation in the termination of the Plaintiff. However, Plaintiff's Complaint states that as a result of Plaintiff's speech, the Plaintiff's employment was terminated as a result of the Plaintiff having spoken out on issues of public concern and in retaliation thereof by the Defendants jointly and severally (Complaint ¶ 13). Plaintiff specifically alleges that the Defendants acted jointly and severally in taking this action against the Plaintiff.

Defendants cite *Smith v. Rowe* in support of the assertion that each individual Defendant must be personally involved in the deprivation of the Plaintiff's Constitutional rights. However, that same case clarifies the issue of personal involvement: "However, a defendant's direct participation in the deprivation is not required. An official satisfies the personal responsibility requirement of § 1983 if she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction *or with her knowledge and consent*.'" [emphasis added.] *Crowder v. Lash,* 687 F.2d 996, 1005 (7th Cir.1982)*,* cited in *Smith v. Rowe*, 761 F.2d 360, 368-69 (7th Cir. 1985).

Under the standard of review in ruling upon Defendant's *Motion to Dismiss* this Court must accept
the allegations of Plaintiff's Complaint as true and draw all reasonable inferences therefrom in a light most favorable to the Plaintiff. (*Triad Associates, Inc. V. Robinson*, 10 F. 3rd 492, 495 (7th Cir.1993).

As such, the inferences and allegations of Plaintiff's Complaint are clear. Each of the named Defendants acted with a deliberate or reckless disregard to Plaintiff's constitutional right to freedom of speech and protection from retaliation for speaking out on matters of public concern, when the

Plaintiff's employment was terminated as a result of the Plaintiff having spoken out on matters of public concern and in retaliation thereof.

Kathleen Lifton faced this same claim in her suit against the Board of Education for the City of Chicago ((290 F. Supp. 2d 940) N.D. IL 2003). Her claim is extraordinarily similar to the Plaintiff's herein.

Kathleen Lifton was employed as a kindergarten teacher at Norwood Park School when she expressed opinions and concerns about school issues, including the early renewal of the principal's contract and the operation of the kindergarten program. Specifically, Ms. Lifton complained of class sizes, the length of class periods, failure to comply with state standards, and inadequate funding. Ms. Lifton had communicated directly with parents regarding these concerns.

As the Court did in *Lifton*, the Court herein should have no difficulty in finding that Plaintiff's speech involved matters of public concern.

There is simply no basis to preemptively preclude Plaintiff's claims at this juncture.

### III. Conclusion

Plaintiff's claims are not subject to dismissal and this Court should not simply stay Plaintiff's opportunity to advance her claims in this forum. If the Court determines that a deficiency exists in Plaintiff's Complaint, the Plaintiff respectfully requests leave to amend and correct such deficiencies.

Respectfully submitted,
Cassiette West-Williams, Plaintiff

By:  /s/ Robert G. Kirchner
     Robert G, Kirchner, her attorney

Robert G. Kirchner
Attorney at Law
100 Trade Centre Dr., Suite 402
Champaign, IL 61820
Phone: (217) 355-5660
Facsimile: (217)355-5675
rgk-kirchnerlaw@sbcglobal.net

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Keith Brandon Hill**
khill@hrva.com urbecf@hrva.com

**Richard P Klaus**
rklaus@hrva.com urbecf@hrva.com

        **s/ Robert Kirchner**
        Robert Kirchner Bar Number: 6182070
        Attorney for Plaintiff
        100 Trade Centre Drive, Suite 402
        Champaign, IL 61820
        Phone: 217-355-5660
        Fax: 217-355-5675
        E-mail: rgk-kirchnerlaw@sbcglobal.net